**In re Anonymous No. 35 D.B. 85**

Disciplinary Board Docket no. 35 D.B. 85.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

BROWN, *Vice-chairman*, April 22, 1988—Pursuant to Rule 218(c)(5), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

By an order of the Supreme Court of Pennsylvania dated November 10, 1986, petitioner was suspended from the practice of law for a period of six months commencing on December 10, 1986.

Petitioner's suspension was the culmination of proceedings that began with a complaint regarding petitioner's dilatory handling of several estates. Investigation and a random audit revealed that petitioner's client trust account was seriously out of trust between October, 1980 and September 1, 1984. Petitioner claimed that the imbalance was caused by inadvertence and poor record keeping. He borrowed money, using his home as collateral, to rectify the situation.

A petition for discipline was filed against petitioner on May 1, 1985 averring nine violations of the disciplinary rules. Hearing was held before Hearing Committee [ ] which found that various disciplinary rules had been violated and recommended a six month suspension, conditioned upon petitioner submitting an annual audit of his business and trust account for a five year period and subject to the possibility of an additional six month suspension, without further hearing, for failure to comply with such condition.

The disciplinary board concurred in the findings of the hearing committee that various disciplinary rules were, in fact, violated by petitioner but recommended a three month suspension conditioned upon petitioner securing and submitting to the office of disciplinary counsel an audit of his books and trust accounts by a certified public accountant. The Supreme Court, as indicated above, issued an order suspending petitioner for a period of six months, beginning December 10, 1986.

Petitioner filed a petition for reinstatement and reinstatement questionnaire on May 5, 1987. The matter was referred to Hearing Committee [ ] which conducted a hearing on September 2, 1987 and filed a report on November 5, 1987. The hearing committee report concluded that petitioner failed to meet the burden established by Rule 218(c)(3)(i), Pa. R.D.E. in that he violated various provisions of Rule 217, Pa.R.D.E. during his period of suspension by accepting engagements as an attorney, continuing to negotiate claims on behalf of clients and failing to notify certain other professionals of his suspension. As a result of these findings the hearing committee recommended that the petitioner for reinstatement be denied and that petitioner continue under suspension for an additional period of six months from June 10, 1987 until December 10, 1987.

Disciplinary counsel filed exceptions to the hearing committee reports, excepting to the admission of several of petitioner's exhibits, correcting several factual matters, and drawing the board's attention to the fact that the hearing committee recommendations would allow petitioner to seek reinstatement prior to the expiration of one year period following the denial of the instant petition for reinstatement in violation of DB 89.272.

Petitioner filed a brief on exceptions arguing that the alleged failures to comply with Rule 217 were, at most, innocent and unintentional errors in judgment and, therefore, he should be reinstated immediately.

Oral argument, as requested by petitioner, was heard by a panel of the board and the matter was adjudicated at the January 15, 1988 meeting of the board.

## FINDINGS OF FACT

(1) Petitioner, a 23-year sole practitioner with no previous history of disciplinary violations, was suspended from the practice of law for a period of six months by order of the Supreme Court of Pennsylvania dated November 10, 1986.

(2) Petitioner's suspension was predicated upon his permitting his client trust account to fall seriously out of trust for an extended period of time.

(3) During his suspension, petitioner was employed as a legal assistant on an independent contractor basis by [A], Esq. and the firm of [B], Attorneys at Law.

(4) While working in association with attorney [A], petitioner received $750 from [C] as a retainer for incorporating [D] and for future legal services to be performed by attorney [A].

(5) During the period of his suspension, petitioner received, negotiated, and cashed the proceeds of a settlement check from [E] Insurance Company on a personal injury claim settled prior to his suspension.

(6) Petitioner received, negotiated, and cashed proceeds of a settlement check from [F] Casualty Company on a personal injury claim settled during petitioner's suspension with the aid of [A].

(7) Petitioner failed to notify the above insurance companies that he was suspended from the practice of law.

(8) Petitioner received monies from attorney [G] representing funds from the sale of real estate consummated prior to petitioner's suspension but held by attorney [G] pending a clearance of liens. Petitioner received the funds as fiduciary of an estate and deposited same in an escrow account. He did not notify attorney [G] that he was under suspension.

(9) Two attorneys and a former colleague and fraternal associate of petitioner testified on his behalf at the reinstatement hearing.

(10) Petitioner currently has outstanding unsatisfied federal tax liens against him in excess of $4,000 and is suffering financial hardship because of lack of income.

## DISCUSSION

The hearing committee recommended that the petition for reinstatement be denied and that petitioner should be subject to an additional suspension of six months, after which he would be permitted to refile for reinstatement. This, however, would result in petitioner being permitted to file another petition for reinstatement prior to the expiration of one year from the previous petition. As correctly noted by disciplinary counsel, that result is prohibited by section 89.272 of the board's rules. Furthermore, there was no petition for discipline filed against petitioner upon which the hearing committee could base its recommendation of further discipline.

The question that must be determined is limited to whether petitioner's petition for reinstatement should be granted or denied. The board disagrees

with the hearing committee and recommends that the petition for reinstatement should be granted.

It is difficult to define the precise parameters of conduct which constitutes the giving of legal advice as that term is encompassed in the rules. It is now common practice for suspended attorneys to work as paralegals for other attorneys. There is a growing area of client interaction and document processing shared by attorneys and paralegals. The suspended attorney when acting as a paralegal will often appear to be giving legal advice. Petitioner's conduct in dealing with a [C] clearly raises this issue. [C] testified that he met with petitioner to fill out the forms required to form a corporation, he wrote out and delivered the retainer fee check to petitioner and that petitioner showed him a certain section of the Pennsylvania statutes in response to his concern about a matter involving detective agencies. Petitioner contends that an attorney is not required to file the necessary paper to create a corporation; and that the fee was paid to attorney [A]. He admits that he showed [C] a specific section in Purdons relating to detective agencies but the record indicates that [C] may have asked to see the section in question. The fact that petitioner pulled a statute book from the shelf and opened it to a specific statute for [C] is at most de minimus and insufficient to raise or establish a conclusion of unauthorized practice of law. It should be noted that the testimony of [C] must be scrutinized with great care. The record reveals and he was prosecuted for violating the act relating to licensure of private detectives and he thereafter attempted to require petitioner to pay him a large sum of money. It is not necessary that we characterize [C's] attempt as extortion, blackmail or merely seeking damages to conclude that his credibility is seriously questioned.

The hearing committee advanced the settlement of two personal injury claims and the failure to notify other professionals as additional reasons for denying the petition for reinstatement. One of the personal injury claims was settled prior to petitioner's suspension. As to the other claim, it does appear that petitioner failed to notify the other attorney of his suspension. However, the matter was concluded through attorney [A].

We do not dispute that in several isolated instances, petitioner failed to comply with the strict and precise letter of the rule. However, as a sole practitioner, petitioner basically closed his office and laid off his secretary of many years and has to this point undergone a period of suspension of sixteen months on his original six months suspension. The acts of non-compliance with the rule are not sufficiently egregious to warrant denial of the petition for reinstatement in the context of the consequences already visited upon petitioner and his substantial compliance with the rule.

Although we do not believe that petitioner's conduct during his period of suspension warrants the denial of his petition for reinstatement, we must note petitioner's casual attitude toward compliance with the rules. Such laxness and readiness to engage in marginally ethical conduct could lead to future disciplinary problems for petitioner. Therefore, petitioner is strongly cautioned to avoid situations that appear unethical and to pay higher and closer regard to the rules regulating the practice of law.

## RECOMMENDATION

The disciplinary board of the Supreme Court of Pennsylvania recommends that the petition for reinstatement of [Petitioner] to the practice of law be granted.

The board recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

## ORDER

And now, this September 26, 1988, the rule to show cause is hereby discharged. The recommendation of the disciplinary board is accepted and petitioner is immediately reinstated.